[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated May 11, 1999, the plaintiff, Gary A Steinbach, seeks, inter alia, a dissolution of his marriage to the defendant, June J. Steinbach.
After a full trial, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, logical, rational and lawful inferences to be drawn therefrom, find, rules, determines and orders as follows:
The plaintiff and the defendant, whose birth name was June J. Mackowitz, were intermarried at Northford, Connecticut on June 27, 1992.
The parties have resided continuously in this state for at least one year preceding the date of the filing of this complaint.
There are no minor children, issue of the marriage and no other children have been born to the defendant.
No governmental agency is contributing to the support of any party hereto.
The marriage has broken down irretrievably.
The plaintiff is a truck drive who indicates an income of approximately $56,000 per year. The defendant is a teacher reporting an income of approximately $57,000 per year.
Evidently when the parties married they agreed to have no children. Subsequently the defendant changed her mind and made it known that she wished to have children. This became a source of discord within the marriage.
On the other hand, the defendant was disparaged, on occasion by comments made by the plaintiff in front of her family and friends. The plaintiff oft times dismissed his wife's concerns CT Page 1490 about the marriage as manifestation of mental disease. The plaintiff continued his assessment of his wife's mental condition by testifying that he considered the defendant "bi-polar, despite the fact that she has never been treated for mental illness, failed to describe any specific action he considered aberrant, nor did he provide any other facts supporting his conclusion. The plaintiffs attitude caused the defendant to leave the marital residence to avoid conflict.
The court finds that both parties bear responsibility for the marriage breakdown. However, the court also holds that the plaintiff's attitude towards his wife was a greater cause for the breakdown than the action of the defendant.
With due regard for the mandates of Gen. Stat. Sec. 46b-81 (a) and in accordance with the stated criteria therein, the court makes the following distributions and assignments as follows:
Neither party is awarded any alimony.
The defendant is to quitclaim her interest in the marital residence upon his payment to her of the sum of $12,500.
The plaintiff is to pay to the defendant the sum of $17,500, from his New England Teamsters Industry Pension Fund by way of a QDRO.
Except as indicated above, each party is to retain their interest in their respective retirement accounts.
Each party shall be responsible for their own debts as listed on their latest financial affidavits.
The defendant and the plaintiff shall be sole owners of the vehicles listed on their respective financial affidavits free and clear of any claims of the other. The defendant shall be responsible for the payment of any loans due on her vehicle and shall hold harmless the plaintiff from any liability therefor.
Each party shall be responsible for their own legal fees.
A decree may enter, dissolving the marriage and incorporating therein the above financial orders of the court.
SPALLONE CT Page 1491 JUDGE TRIAL REFEREE